IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DIANA PAYNE                                              PLAINTIFF

     v.             Civil No. 04-2189

THE UNIVERSITY OF ARKANSAS
FORT SMITH BY AND THROUGH THE
BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS                                   DEFENDANT

O R D E R

On this 10th day of August 2006, there comes on for consideration Defendant's Motion in Limine, Brief in Support, First Amendment to its Motion in Limine (Docs. 56-57, 59), Plaintiff's Response (Doc. 63) and Defendant's Reply (Doc. 64). Defendant seeks to exclude: (1) the testimony of Peter Ben Ezra; (2) evidence attempting to impeach the ad hoc committee's finding of plagiarism; (3) evidence of "pretext" that is not substantially similar to Plaintiff's offense and (4) the 1999 faculty survey. For the following reasons, Defendant's Motion and Amended Motion (Docs. 56 & 59) are DENIED.

**Testimony of Peter Ben Ezra**

Defendants move to exclude the expert testimony of Peter Ben Ezra. Plaintiff retained Mr. Ezra to testify regarding the material that the Ad Hoc Committee found Plaintiff plagiarized in the context of professional accounting

AO72A
(Rev. 8/82)

practices and standards. Defendant contends that whether a document is plagiarized is an issue that a jury can decide without expert testimony.

Defendants argue that Ezra is not qualified to testify as an expert and that the testimony is irrelevant and unreliable.

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The commentary to Rule 702 indicates that the rejection of expert testimony is the exception rather than the rule and that the more appropriate means of attacking shaky evidence is vigorous cross-examination and presentation of contrary evidence.

Ezra has an extensive background in accounting and scholarly work, therefore, the Court finds that his testimony may assist the jury in understanding the context in which the plagiarism allegations and subsequent finding arose. Further, Defendant will be provided an opportunity to cross-examine Mr. Ezra and to present its own contrary evidence. Accordingly, the Court finds that Defendant's objections go to the weight

2

and credibility that the jury should give Mr. Ezra's testimony. Therefore, Defendants' motion in limine to exclude Mr. Ezra's testimony is DENIED.

## **Evidence Impeaching the Plagiarism Finding**

Defendant seeks to prevent Plaintiff from offering evidence attempting to show that the Ad Hoc Committee's finding of plagiarism was incorrect. Defendant contends such evidence should be excluded as Plaintiff is "bound" by the Ad Hoc Committee's finding and that the dismissal of Plaintiff's due process claims make such evidence irrelevant. Plaintiff responds that such evidence is relevant to show that Defendant's reason for terminating Plaintiff was a pretext for gender discrimination and retaliation for her protected activity.

Defendant' Motion does not identify any specific witness or testimony it believes should be excluded. As such, the Court is unable to determine whether any such testimony is relevant and proper. Accordingly, Defendant's Motion is DENIED, however, Defendant may make any objections at trial at the appropriate time.

## **Evidence of "Pretext"**

Defendant asks the Court to prohibit Plaintiff from offering any evidence of alleged plagiarism by other UAFS employees as none were similarly situated to Plaintiff in all

3

**AO72A**
**(Rev. 8/82)**

relevant respects. Again Defendant fails to identify any specific evidence or testimony, therefore, precluding the Court from assessing the admissibility of such evidence. Accordingly, the motion in limine is DENIED, and the Court advises Defendant to raise any objection it may have at the time Plaintiff attempts to offer such evidence.

**1999 Faculty Survey**

Plaintiff indicated that she may attempt to use the 1999 Faculty survey as rebuttal evidence, however, Plaintiff's counsel will approach the Court prior to mentioning or offering the survey as evidence. Accordingly, Defendant's Motion is DENIED, however, it may renew the motion if Plaintiff attempts to discuss or introduce the survey during trial.

IT IS SO ORDERED.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)