UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DIANA PAYNE                                                      PLAINTIFF

VS.                           CASE NO. 04-2189

THE UNIVERSITY OF ARKANSAS FORT SMITH
BY AND THROUGH THE BOARD OF TRUSTEES
OF THE UNIVERSITY OF ARKANSAS                                    DEFENDANT

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BEVERLY STITES-JONES

On this 30th day of August, 2006, appears before the court, Charles Kester, attorney for Plaintiff, Diana Payne, Plaintiff and S. Walton Maurras, attorney for Defendant. The parties appears before the court pursuant to the Order of August 21, 2006, issued the Honorable Robert T. Dawson, United States District Judge, directing the parties to appear before this court at 2:00 p.m. on Wednesday, August 30, 2006, to discuss the issues in this case, including front-pay, reinstatement, attorney's fees and costs. From the statements of counsel and other matters and things before the court, the court finds as follows:

1. Mr. Kester, attorney for Plaintiff, advised this court that the jury in the captioned matter returned a verdict in favor of the Plaintiff on August 18, 2006, in the amount of $161,803.40 on her claim for damages in connection with her wrongful discharge as a result of retaliation by the Defendant. Mr. Kester further advised the court that the Plaintiff seeks reinstatement to her former position as instructor in the Defendant's College of Business, teaching accounting I and II and other appropriate

courses. Mr. Kester then presented his argument that pursuant to precedent established by the 8th Circuit Court of Appeals, reinstatement under these circumstances is the appropriate equitable remedy. Upon questioning by the court, Mr. Maurras agrees that absent extra-ordinary circumstances the 8th Circuit Court of Appeals precedent establishes that reinstatement is the appropriate remedy. Mr. Maurras further advised the court that the Defendant could articulate no extra-ordinary circumstances that would make reinstatement inappropriate in this case.

2. Mr. Kester then advised the court that he had incurred reimbursable costs in connection the prosecution of the Plaintiff's case in the amount of $18,409.63. Upon questioning by the court, Mr. Maurras stated that he had examined the detail of such costs and could not state that any of the amounts claimed were unreasonable.

3. Mr. Kester then advised the court that he had expended 464 and ½ hours in the preparation and trial of this matter and claimed an hourly rate for such work of $175.00 per hour. Mr. Kester further advised the court that he had used the services of three associates to assist him in the preparation and trial of the captioned matter for an additional total of 76 hours for which he believed an hourly rate of $125.00 was appropriate. The total fees claimed by Mr. Kester for the legal services rendered in connection with this matter were $90,787.50. Upon questioning by the court, Mr. Maurras stated that he believed the hourly rates were reasonable but because Plaintiff had prevailed on only one of multiple claims the total fee of $90,787.50 should be reduced in accordance with the 8th Circuit precedent to reflect the degree of success when considering the case as a whole. Following Mr. Maurras' statement, Mr. Kester advised the court that he agreed that 8th Circuit precedent reflected that the degree of

2

success must be taken into consideration by the trial court in establishing and awarding attorney's fees to the prevailing party. Mr. Kester then stated in open court that the Plaintiff would reduce her claim for attorney's fees by 25% to the sum $68,090.25. Upon questioning by the court, Mr. Maurras stated that he could not argue that a greater discount would be appropriate.

4. Mr. Maurras then requested on behalf of the University that if the court should decide to include reinstatement as part of the equitable relief, in view of the fact that classes have already started for the fall 2006 semester, that the University not be required to immediately place Ms. Payne back in a classroom setting; but rather it be permitted to provide her with a mutually agreeable special assignment which would not require classroom participation by Ms. Payne through the end of the fall 2006 semester. He further requested that the order of the court not require the University to place Ms. Payne in a classroom setting prior to the commencement of the spring semester in January 2007. Upon questioning by the court, Mr. Kester stated that the Plaintiff had no objection to the request by the University. Mr. Kester further requested that the order of the court require that Ms. Payne be paid commencing as of 19 August, 2006, at a rate and with benefits in place as if she had not been discharged by the University on January 3, 2005. Mr. Maurras did not object to such a request. Mr. Kester further requested that a web-site dated November 23, 2004, maintained by the University reporting the finding of guilty of plagiarism of Ms. Payne be removed from the University web-site and that Ms. Payne's personnel file be expunged of documents relating to her termination of January 3, 2005 and the basis therefore. Mr. Maurras did not object to these requests.

3

**It Is Therefore The Report And Recommendation** of this court to the Honorable Robert T. Dawson, United States District Judge, that final judgment in the captioned matter be entered in the amount of $161,803.40 in favor of Plaintiff in connection with her claim for damages through 18 August, 2006, for wrongful discharge as a result of the retaliation by the Defendant, in accordance with the jury verdict on Answers to Interrogatories rendered on August 18, 2006; that the court enter its injunction requiring the Defendant to reinstate Plaintiff to her former position as an instructor in the Defendant's College of Business teaching accounting I and II and other appropriate courses, effective August 19, 2006, with pay and benefits as of such date in the amount she would have been paid had she not been discharged on January 3, 2005; that the court enter judgment in favor of the Plaintiff in the amount of $18,409.63 for reimbursable costs; that the court enter judgment in favor of the Plaintiff as prevailing party for attorney's fees in the amount of $68,090.25; that the order of the court for the Defendant to reinstate Plaintiff provide that commencing with the entry of the court's order through the conclusion of the fall 2006 semester, the Defendant is not required to place Plaintiff in a classroom setting but rather may provide Plaintiff with a mutually agreeable special assignment; that the court's order direct the Defendant to place the Plaintiff in a classroom setting as an instructor teaching accounting I and II and other appropriate courses in the Defendant's College of Business commencing with the beginning of the spring 2007 semester; that the Defendant be required to remove from its web-site a report dated November 23, 2004, reporting the finding of plagiarism against Ms. Payne and to expunge from her personnel file documents relating to her termination of January 3, 2005 and the basis therefore promptly upon the entry of the

court's order; that payment of the monetary portion of the court's judgment be made by check payable to Diana Payne and Charles Kester, jointly, in the amount of $248,303.28.

IT IS SO REPORTED AND RECOMMENDED THIS 5th day of September, 2006.

*Beverly Stites Jones*
Honorable Beverly Stites-Jones
Magistrate Judge

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 0 5 2006

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK